UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES CUFF,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.

96-CR-515-02 (LAP)

16-CV-5119 (LAP)

OPINION AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant John Cuff's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, dated September 10, 2020. (See dkt. no. 681.) For the reasons set forth below, the motion is denied.

## I.  Background

Defendant and his co-defendants were involved in a racketeering "enterprise," as defined by 18 U.S.C. § 1961(4), known as the "Preacher Crew," which operated principally in Harlem, the Bronx, and Union City, Georgia during the 1990s. (See Superseding Indictment, dated Dec. 17, 1997 [dkt. no. 746-1], ¶¶ 1-5.) In furtherance of the enterprise, Defendant and his co-defendants "engaged in murder, assault, robbery, extortion, other acts of violence, and narcotics trafficking." Id. ¶ 1.

### a. The Indictment and Plea Agreement

On March 22, 1999, Defendant pleaded guilty pursuant to a plea agreement. (See dkt. no. 703-1.) The plea agreement stated

that the Government accepted a guilty plea from Defendant on the
following Counts:

- One count of racketeering, in violation of 18 U.S.C. § 1962(c)
  (Count 1);

- One count of racketeering conspiracy, in violation of 18
  U.S.C. § 1962(d) (Count 2);

- Ten counts of conspiracy to commit murder in aid of
  racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Counts
  17, 20, 22, 24, 26, 28, 31, 32, 34, and 38);

- Ten counts of murder and aiding and abetting murder in aid of
  racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2
  (Counts 18, 19, 21, 23, 25, 27, 29, 30, 35, and 39);

- One count of attempted murder and aiding and abetting an
  attempted murder in aid of racketeering, in violation of 18
  U.S.C. §§ 1959(a)(5) and 2 (Count 33);

- One count of conspiracy to commit extortion, in violation of
  18 U.S.C. § 1951 (Count 41);

- Nine counts of murder in furtherance of a continuing criminal
  enterprise, in violation of 21 U.S.C. § 848(a), (b), (c), and
  (e)(1)(A) (Counts 57 through 65);

- Seven counts of use of a firearm in furtherance of murders
  and conspiracies to commit murder, in violation of 18 U.S.C.
  §§ 924(c) and 2 (Counts 74 through 78, 80, and 82); and

- One count of use of a firearm in furtherance of attempted
  murder and conspiracy to commit murder, in violation of 18
  U.S.C. §§ 924(c) and 2 (Count 79).

(See id. at 1-5; dkt. no. 703-3 at 3-7.)  Counts 74 through 80 and

82 (the "§ 924(c) counts" or the "§ 924(c) convictions") charged

Defendant with using and carrying, and causing another to use and

carry, a firearm during and in relation to a crime of violence.

(See dkt. no. 746-1 ¶¶ 141-47, 149.)

In consideration of Defendant's plea to the above offenses, the Government agreed not to prosecute Defendant further for his participation in the Preacher Crew, to dismiss any open Counts against Defendant in the Indictment, and to withdraw its Notice, Amended Notice, and Second Amended Notice of Intent to Seek the Death Penalty as to John Cuff.  (Dkt no. 703-1 at 5.)

**b. Sentencing**

On June 29, 1999, the Court sentenced Defendant to life imprisonment and 145 years.  (Dkt. no. 703-3 at 8.)  The Court delineated the break-down of the aggregate sentence as:  (a) life term of imprisonment on Count 1 (enterprise racketeering activity); Count 2 (racketeering conspiracy); Counts 18, 19, 21, 23, 25, 27, 29, 30, 35 and 39 (murder and attempted murder in aid of racketeering activity); and Counts 57-65 (continuing criminal enterprise); (b) 120 months of imprisonment on Counts 17, 20, 22, 24, 26, 28, 31-34 and 38 (conspiracy to commit murder in aid of racketeering activity); (c) 60 months on Count 74 (a § 924(c) count); and (e) 240 months on Counts 41 (extortion); 75-80 and 82 (§ 924(c) counts).  (See id. At 8-9; see also dkt. no 746-1.)  The terms of imprisonment on Counts 1, 2, 17-35, 38, 39, 41, and 57- 65 were ordered to run concurrent with each other, and the terms of imprisonment imposed on Counts 74-80 and 82 were ordered to run consecutive with each other and with the terms of imprisonment

imposed on all of the above listed counts.  (See dkt. no. 703-3 at 9.)

### c. Post-Sentencing Proceedings

On or about September 15, 2000, Defendant filed a motion to vacate under 28 U.S.C. § 2255, which the Court denied on or about August 12, 2002.  (See dkt. no. 548.)  Defendant filed a notice of appeal, (see dkt. no. 561), which appeal the Court of Appeals dismissed in December 2002, (see dkt. no. 564).  Defendant filed additional motions to vacate under 28 U.S.C. § 2255 in December 2006 and June 2016, each of which this Court transferred to the Court of Appeals as second or successive § 2255 motions for which this Court lacked jurisdiction.  (See dkt. no. 622.)  In January 2019, Defendant made a pro se motion, (see dkt. no. 644), which this Court construed as a motion for a sentence reduction under 18 U.S.C. § 3582, (see dkt. no. 645).  The Court denied that 2019 motion on April 29, 2019.  (See dkt. no. 648.)

On August 26, 2020, the Court of Appeals granted Defendant leave to file a successive § 2255 motion in light of recent Supreme Court decisions addressing convictions under § 924(c).  (See dkt. no. 673.)  The Court of Appeals' order transferred jurisdiction of Defendant's § 2255 motion to this Court.  (See id.)  Defendant then filed his pro se motion pursuant to 28 U.S.C. § 2255, the instant motion, in this Court on September 10, 2020.  (See dkt. no. 681.)

### d. Defendant's Section 2255 Motion

Defendant now moves pro se to vacate his sentence, arguing that his Section 924(c) convictions are unconstitutional under the Supreme Court's holding in United States v. Davis, 588 U.S. 445 (2019). (See id. at 2-4.) Counsel for Defendant filed a memorandum of law in support of the motion, seeking to vacate Defendant's convictions pursuant to 28 U.S.C. § 2255(a), on January 29, 2021. (See Brief in Support of Defendant's Motion to Vacate ("Def. Br.") [dkt. no. 702].) The Government submitted a memorandum in opposition on March 1, 2021, (see Brief in Opposition to Defendant's Motion to Vacate ("Gov't Opp.") [dkt. no. 707]), to which Defendant's counsel replied on March 26, 2021, (see Reply Brief in Support of Defendant's Motion to Vacate ("Reply") [dkt. no. 710]). Defendant also filed five supplemental pro se responses on April 18, 2021, (dkt. no. 711), July 21, 2021, (dkt. no. 730), August 10, 2022, (dkt. no. 741), March 1, 2023, (dkt. no. 767), and March 12, 2023, (dkt. no. 768). The Government submitted a letter on June 2, 2021, (dkt. no. 720), responding to Defendant's April 8, 2021 pro se letter, (dkt. no. 711).

The Government also submitted a letter on May 4, 2021, advising the Court of the Court of Appeals' decision in United States v. Scott, 990 F.3d 94 (2d Cir. 2021) (en banc), (dkt. no. 712), to which Defendant's counsel replied on May 7, 2021, (dkt. no. 714).

Defendant's counsel also submitted a letter advising the Court of the Supreme Court's decision in United States v. Borden, 141 S. Ct. 1817 (2021), on June 18, 2021. (See dkt. no. 723.) The Government responded on October 31, 2022, (see dkt. no. 746), to which Defendant's counsel replied on March 17, 2023, (see dkt. no. 765).

## II. **Legal Standard**

### a. **Motion to Vacate**

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds, inter alia, that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is only available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotations omitted).

Section 2255(f)(3) also requires that a motion be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2255(f)(3).

**b. Procedural Default**

Under the procedural default doctrine, a guilty plea may not be collaterally attacked unless first challenged on direct review; if a defendant fails to do so, the § 2255 claim is considered procedurally defaulted.  See Bousley v. United States, 523 U.S. 614, 621 (1998).  The purpose of this doctrine is to promote the "important interest in the finality of judgments."  Massaro v. United States, 538 U.S. 500, 504 (2003).

A defendant may overcome such a procedural default by demonstrating either (1) "'cause' and actual 'prejudice,'" or (2) actual innocence.  See Bousley, 523 U.S. at 622 (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986)).  A court may find "cause" where a claim "is so novel that its legal basis [was] not reasonably available to counsel" at the time of direct review.  Id. (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  That scenario can occur when the Supreme Court overturns "a longstanding and widespread practice to which th[e] Court ha[d] not spoken, but which a near-unanimous body of lower court authority ha[d] expressly approved."  See Reed, 468 U.S. at 17 (quoting United States v. Johnson, 457 U.S. 537, 551 (1982), abrogated on other grounds by Griffith v. Kentucky, 479 U.S. 314 (1982).)

Actual prejudice means that the error alleged in the § 2255 motion "worked to [a defendant's] actual and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions." Murray, 477 U.S. at 494 (emphasis omitted) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). A mere "possibility of prejudice" is insufficient. Frady, 456 U.S. at 170 (emphasis omitted). When challenging a guilty plea, a defendant must show that the error was a "fundamental defect which inherently result[ed] in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Williams v. United States, 2017 WL 532469, at *3 (S.D.N.Y. Feb. 3, 2017) (internal quotation omitted). Where a § 924(c) conviction is based upon a guilty plea, prejudice has been defined to require a defendant to "show that there is a reasonable probability that, but for the error, he would not have pleaded guilty." United States v. Dussard, 967 F.3d 149, 156 (2d Cir. 2020) (reviewing the validity of § 924(c) predicate offenses post-United States v. Davis, 588 U.S. 445 (2019), on direct appeal).

Actual innocence means "factual innocence[.]" Bousley, 523 U.S. at 623. "[M]ere legal insufficiency" is not enough to meet this standard. Id. For a conviction stemming from a plea agreement where the government dismissed more serious charges during plea bargaining, a defendant's "showing of actual innocence must also extend to those charges." Id. at 624. To meet this standard, a defendant "must show that it is more likely than not

that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995).

### c. Concurrent Sentence Doctrine

The concurrent sentence doctrine is available in the context of a § 2255 challenge. See Kassir v. United States, 3 F.4th 556, 565 (2d Cir. 2021). The concurrent sentence doctrine "allows courts, in their discretion, to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences since a ruling in the defendant's favor would not reduce the time he is required to serve or otherwise prejudice him in any way." Id. (internal quotations and citations omitted).

Although in Kassir v. United States the Court of Appeals rejected the Government's argument that § 2255 relief is never cognizable when the Defendant is serving multiple life sentences, it held that "absent a showing of prejudice with respect to custody, a court proceeding under § 2255 retains discretion to decline to consider such a challenge." Id. at 567. The court, therefore, using its discretion, refused to reach the merits of Defendant's claim, as the Defendant would be serving two unchallenged life sentences regardless, and as such, "[n]o matter the success of his argument" the court could not "shorten the time he will remain in prison." Id. at 564, 567; see also United States v. Rodriguez, 2022 WL 158685, at *2 (S.D.N.Y. Jan. 18, 2022)

(applying the reasoning of Kassir when declining to hear a § 2255 claim).

### d. Section 924(c)

Section 924(c) makes it a crime to possess a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute provides two definitions of a "crime of violence." The first definition is known as the "force clause" (or "elements clause"), which defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" Id. § 924(c)(3)(A). The second definition, known as the "risk of force clause" (or the "residual clause"), defines a crime of violence as a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B).

Following Davis, the residual clause no longer supports a § 924(c) conviction because it is unconstitutionally vague. See 588 U.S. at 470. In light of the Supreme Court's decision in Davis, the Court of Appeals has held that "a conspiracy to commit a violent felony," even including those that result in murder, "could not alone support a conviction under the . . . 'elements clause' of § 924(c)(3)." United States v. Heyward, 3 F.4th 75, 81 (2d Cir. 2021).

The decision in <u>Davis</u> followed recent prior decisions in which the Supreme Court held that residual clauses in other criminal statutes were unconstitutionally vague. <u>See</u> <u>Davis</u>, 588 U.S. at 451-53 (citing <u>Johnson v. United States</u>, 576 U.S. 591 (2015); <u>Sessions v. Dimaya</u>, 584 U.S. 148 (2018)).

While conspiracy to commit murder is no longer categorically a crime of violence and, therefore, not a valid predicate for a 924(c) conviction, "[i]t is well established that murder remains a crime of violence under [§] 924(c) post-<u>Davis</u>." <u>United States v. Batista</u>, 2022 WL 5187458, at *2 (S.D.N.Y. Oct. 5, 2022); <u>see also</u> <u>Stone v. United States</u>, 37 F.4th 825, 832 (2d Cir. 2022) ("This Court, sitting en banc in <u>United States v. Scott</u>, rejected this very argument.").

To decide a motion to vacate a § 924(c) conviction, courts must determine whether the conviction was predicated on a felony offense that meets the definition of a "crime of violence" under the elements clause. <u>See</u> <u>United States v. Pastore</u>, 83 F.4th 113, 118-19 (2d Cir. 2023). After <u>Davis</u>, courts must apply the "categorical" approach to determine if a felony offense may serve as a predicate offense for conviction under the "elements clause." <u>See</u> <u>United States v. Taylor</u>, 596 U.S. 845, 850 (2022); <u>see also</u> <u>United States v. Hendricks</u>, 921 F.3d 320, 327 (2d Cir. 2019) ("To determine whether a crime is a crime of violence under § 924(c)(3)(A), we apply the so-called categorical approach."

(internal quotations and citations omitted)). Under this approach, courts do not examine the underlying facts or conduct of a defendant's offense. See Pastore, 83 F. 4th at 118. Instead, courts must identify "the minimum conduct necessary for a conviction of [a] predicate offense" and then must determine "whether such conduct amounts to a crime of violence" under the elements clause. See United States v. Hill, 890 F.3d 51, 56 (2d Cir. 2018).

### e. 924(c) Conviction Based on One Valid Predicate and One Invalid Predicate

As a result of Davis, a subsequent issue arose: whether a defendant is prejudiced when his or her § 924(c) conviction could be predicated on either or both of two crimes, but only one remains a constitutionally valid predicate.

The Court of Appeals' recent decision in Stone v. United States, 37 F. 4th 825 (2d Cir. 2022), guides this analysis. Under Stone, when a defendant challenges his § 924(c) conviction,

> [if the] jury's finding of guilt [wa]s based on two predicates, only one of which can lawfully sustain guilt, [the Court] will find the error harmless when the jury would have found the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction beyond a reasonable doubt.

Stone, 37 F.4th at 831 (internal quotations and citations omitted).

The defendant in Stone had been charged with three offenses: (1) conspiracy to commit second degree murder in aid of racketeering, (2) second degree murder in aid of racketeering, and

(3) a § 924(c) charge predicated on either or both of the first two counts. See id. at 826. Rejecting the defendant's argument that it should apply the categorical approach, the Court of Appeals instead reviewed the whole record and asked whether a rational jury would have arrived at the same verdict for the § 924(c) count based only on the commission of the still-constitutional predicate offense. See id. at 831. Looking at the whole record, the Court of Appeals found "the error of instructing the jury on the now-invalid predicate was harmless to Stone because the jury found facts 'satisfying the essential elements of guilt' on the valid predicate of substantive murder in aid of racketeering 'that would [have] sustain[ed] a lawful conviction' on the firearm offense." Id. at 832 (alterations original) (quoting United States v. Laurent, 33 F.4th 63, 86 (2d Cir. 2022), cert. denied sub nom. Ashburn v. United States, 143 S. Ct. 462 (2022).)

## III. Discussion

Defendant challenges his § 924(c) convictions on the grounds that the predicate offenses underlying those convictions—conspiracy to murder, attempted murder, and murder in aid of racketeering—are not "crimes of violence" because they do not satisfy the definition under the elements clause, which is the only manner in which they could constitute crimes of violence after the Supreme Court's invalidation of the residual clause in Davis. (See Def. Br. at 4.)

The parties correctly agree that conspiracy to murder is not, itself, a "crime of violence." See United States v. Martinez, 991 F.3d 347, 354 (2d Cir. 2021) (relying on Davis to find that conspiracy offenses are not categorically crimes of violence under § 924(c)). However, they disagree over whether murder in aid of racketeering and attempted murder in aid of racketeering are valid "crime[s] of violence." (See Gov't Opp. at 14-15; Def. Br. at 9-16.) Additionally, the Government argues that Defendant's motion must fail because he procedurally defaulted his challenge by failing to raise it on direct appeal, and fails to show "cause" and actual "prejudice" for his failure. (See Gov't Opp. at 14.)

The Court finds that Defendant's motion fails because he procedurally defaulted his current challenge to the § 924(c) convictions and, alternatively, that his arguments fail on the merits.

### a. Procedural Default

i.  Cause

Although he never pursued a direct appeal, Defendant argues that he has established cause because the challenge to his convictions in the instant action lacked a legal basis at the time of his conviction in 1999. (See Def. Br. at 17-18.) He contends that at that time there was no legal basis for his current challenge—that murder is not a crime of violence under the elements clause—because murder was considered to be a crime of violence

under the then-valid residual clause and, therefore, he could not challenge the constitutionality of that clause in 1999.  (See id.) The Government argues that Defendant cannot show cause for his prior failure to raise the instant challenge because litigants had raised vagueness challenges to § 924(c) before he was convicted. (See Gov't Opp. at 26-27.)

The Court finds that Defendant has established cause because his § 924(c) challenge was not "reasonably available" at the time of his conviction.  Beginning with Johnson in 2015, the Supreme Court has invalidated three similarly-worded residual clauses in criminal statutes as unconstitutionally vague, including the "residual clause" of § 924(c).  See Johnson, 576 U.S. at 597; Dimaya, 584 U.S. 148, 160-161; Davis, 588 U.S. 445, 470.  In 2016, the Supreme Court held that Johnson applies retroactively to cases on collateral review.  Welch, 578 U.S. at 130.

Here, Defendant's failure to appeal his § 924(c) conviction occurred nearly two decades before the Supreme Court decided Johnson and Welch.  Thus, the arguments challenging "residual clauses" in Johnson, Dimaya, and Davis were unheard of at the time of Defendant's conviction.  See Vilar v. United States, 2020 WL 85505, at *2 (S.D.N.Y. Jan. 3, 2020) ("In the absence of any indication that Davis (or its predecessors Sessions v. Dimaya or Johnson v. United States) was even close to anybody's radar screen in 1997 or 1998, I will assume that the claim here is so novel

that it was not reasonably available to counsel at the time." (citations omitted). Accordingly, when he was convicted, Defendant did not have a reasonably available legal basis to challenge the unconstitutional nature of § 924(c)'s residual clause. See Aquino v. United States, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020) (finding that Defendant showed cause where his direct appeal occurred in 2015, prior to Johnson, at a time when "Second Circuit caselaw . . . foreclosed his § 924(c) argument" (quoting Camacho v. United States, 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019))); Camacho, 2019 WL 3838395, at *2 (finding that Defendant had cause for his failure to raise his unconstitutional vagueness argument where he was sentenced in 2014 before the Supreme Court had granted certiorari in Johnson); Clayton v. United States, 456 F. Supp. 3d 575, 578 (S.D.N.Y. 2020) (finding that Defendant showed cause because he was sentenced in 2011, before Johnson and Davis, when Second Circuit case law foreclosed his challenge to the validity of his Hobbs Act robbery conspiracy conviction serving as a predicate crime of violence under § 924(c)).

To support its arguments that Defendant cannot show cause, the Government cites to two pre-1999 cases that raised vagueness challenges to § 924(c): United States v. Santos, 1992 WL 232057 (S.D.N.Y. Sept. 2, 1992), and United States v. Magee, 21 F.3d 1108, 1994 WL 171513 (5th Cir. Apr. 22, 1994) (unpublished decision).

(See Gov't Opp. at 26-27.)   Santos and Magee are distinguishable because they challenged the use of the terms "firearm silencer" and "firearm muffler" and "drug trafficking," respectively.   See Santos, 1992 WL 232057, at *8; Magee, 1994 WL 171513, at *4-5. Unlike Johnson and Davis, Santos and Magee did not involve a constitutional vagueness challenge to the entire residual clause of a criminal statute.

The Government also cites to United States v. Bennett, 165 F.3d 36, 1998 WL 781231 (9th Cir. Nov. 9, 1998) (unpublished decision), for the proposition that other litigants had brought vagueness challenges to the "crime of violence" definition of § 924(c) before 1999.   (See Gov't Opp. at 27.)   Bennett, however, was a Ninth Circuit decision in which the court held that "firearm silencer" was not too unconstitutionally vague to support a finding that the defendant's use of a silencer constituted a crime of violence.   See Bennett, 1998 WL 781231, at *1.   As with Magee and Santos, the case did not involve a challenge to an entire residual clause, which challenges the Supreme Court only began to recognize in 2015.   Thus, the Court finds that the argument the Defendant put forth in Bennett did not provide Defendant a reasonably available legal basis for him to challenge his § 924(c) convictions.

ii.    Actual Prejudice

Defendant asserts that he would not have pleaded guilty to the § 924(c) counts had he known that the Supreme Court would invalidate § 924(c)'s residual clause. (See Def. Br. at 19; Reply at 7-8.)    As a threshold matter, § 924(c) "does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." Dussard, 967 F.3d at 157 (quoting Johnson v. United States, 779 F.3d 125, 129-30 (2d Cir. 2015)) (emphasis omitted).

United States v. Dussard is instructive in the instant case because it contains analogous facts.    It involved a defendant who pleaded guilty to a § 924(c) count predicated on either of two bases, one of which was an allegation of the defendant's participation in a crime that subsequently became an invalid crime of violence to support a § 924(c) conviction after the Supreme Court's decision in Davis.    See id. at 156-58.    Nevertheless, the Court of Appeals denied the defendant's challenge to his § 924(c) conviction, finding that the "description of the evidence . . . provided an ample predicate for a [§ 924(c)] conviction . . . ." See id. at 157.    Based on the record, the Dussard court found that the defendant could have been convicted of the still-valid predicate offense and that he "demonstrated [a] willingness to plead guilty to [the § 924(c) charge] in order to gain dismissal

of [the charged predicate offense] and avoid its mandatory minimum 10-year term of imprisonment." See id. at 157-59. Thus, the court held that the defendant failed to "show[] any reasonable probability that he would not have pleaded guilty" to the § 924(c) count. Id. at 159.

The Court considers the entire record to determine if Defendant can establish actual prejudice. See id. at 156-58. As in Dussard, the record indicates that there was evidence to convict Defendant of the predicate offenses referenced in the § 924(c) counts. Defendant's plea colloquy provides evidence regarding those offenses—the substantive murders and attempted murders referenced in Counts 75-80 and 82. See United States v. Bido, 2021 WL 1141319, at *3 (S.D.N.Y. Mar. 23, 2021) (rejecting defendant's claim of prejudice where a review of his plea allocution revealed that he admitted to conduct that would have constituted a still-valid predicate for a § 924(c) conviction); (see also dkt. no. 703-2 at 22:13-24 (Defendant admitted to "supervis[ing] [and gaining income from] the murder of George Ford" which was carried out with firearms [i.e., count 74]); id. at 23:21-24:15 (admitting to "help[] murder" Hayward Shine by "twist[ing] his neck" [i.e., count 75]); id. at 25:4-20 (admitting to murdering Anthony Boatwright by "sho[oting] him in the back of the head" and "in the chest about four times" [i.e., count 76]); id. at 26:16-27:19 (assisting a crew member in obtaining the murder

weapon and "order[ing] the murder of Gregory Hawkins by members of" the crew [i.e., count 77]); id. at 28:4-21 (admitting to "order[ing] the murder" of James Brunson [i.e., count 78]); id. at 31:4-32:19 (admitting to telling "two members of the crew to shoot" John Porter [i.e., count 79]); id. at 32:19-33:21 (admitting to directing the murder of Sheila Berry [i.e., count 80]); id. at 34:17-35:23 (admitting to murdering Dale Graham by "shooting him and help[ing] to dispose of his body" [i.e., count 82])).

The Superseding Indictment charged Defendant with those murders (or, in the case of John Porter, attempted murder). (See, e.g., dkt. no. 746-1 ¶¶ 29, 108-19, 132.) As was the case in Dussard, the Government dismissed certain charges in exchange for Defendant's guilty plea. (See dkt. no. 703-1 at 5.) Because the record provides evidence to support convictions for murder and attempted murder that would serve as valid predicate offenses, the Court finds that there is no reasonable probability that Defendant would not have pleaded guilty to the § 924(c) counts. See Bido, 2021 WL 1141319, at *3. Accordingly, Defendant fails to establish actual prejudice. See Dussard, 967 F.3d at 156-59.

### iii.    Defendant Does Not Argue Actual Innocence

Because Defendant fails to establish "actual prejudice," Defendant can only overcome procedural default by proving "actual innocence." See Bousley, 523 U.S. at 622-23. However, Defendant

fails to do so by failing to allege actual innocence in his § 2255 motion. (See Def. Br.; see also dkt. no. 681.) Even if Defendant had argued he was actually innocent, the conduct he described in his plea colloquy would preclude him from establishing it. (See dkt. no. 703-2 at 22-36) (Defendant stated that he participated in the murders of George Ford, Hayward Shine, Anthony Boatwright, Gregory Hawkins, James Brunson, Sheila Berry, and Dale Graham, and the attempted murder of John Porter, by supervising them, knowing that guns would be used to murder the victims, and by taking part in some of the murders himself with the use of a firearm).)

**b. Merits**

Even assuming, arguendo, that Defendant overcame a procedural default, the Court finds that his motion fails on the merits.

   i.   Murder and Attempted Murder as a "Crime of Violence"

As noted above, each § 924(c) count was predicated on two offenses: either (1) conspiracy to murder and (2) murder in aid of racketeering, or (1) conspiracy to murder and (2) attempted murder. If either one of those pairs of offenses is a "crime of violence" under § 924(c)'s "elements clause," Defendant's motion fails. See Pastore, 83 F.4th at 118-22 (upholding a § 924(c) conviction that was based, in part, on one valid predicate offense—attempted murder—even though three other conspiracy-based offenses no longer served as valid predicate offenses). Because conspiracy to murder is not a "crime of violence," the question on the merits of this

motion is whether murder in aid of racketeering or attempted murder are "crimes of violence." <u>See</u> <u>id.</u> at 119. To answer this question, the Court applies the categorical approach and asks whether the minimum conduct necessary to commit murder "necessarily involves violence." <u>Hendricks</u>, 921 F.3d at 327; <u>see also</u> <u>Pastore</u>, 83 F.4th at 119-20; <u>Stone</u>, 37 F.4th at 828-30.

Defendant pleaded guilty to using and carrying a firearm in connection with offenses that constitute "crimes of violence." (<u>See</u> dkt. no. 703-1 at 4-5; dkt. no. 703-2 at 11:7-14.) In Defendant's case, the offenses underlying his plea—murder and attempted murder—are offenses under New York penal law. (<u>See</u> dkt. no. 746-1 ¶¶ 22-26, 29-30, 32, 82-101, 106-13, 118-21) (John Cuff unlawfully, willfully, and knowingly murdered and aided and abetted the murders of George Ford, Hayward Shine, Anthony Boatwright, Gregory Hawkins, James Brunson, Sheila Berry, and Dale Graham, and the attempted murder of John Porter, all in violation of New York State Penal Law)). Thus, this Court must determine whether murder and attempted murder—as defined by New York State Penal Law—categorically constitute "crimes of violence" under § 924(c)'s elements clause. <u>See</u> <u>Pastore</u>, 83 F.4th at 118-22.

New York's murder statute has distinct subsections with different elements. <u>See</u> N.Y. Penal Law § 125.25. Thus, the Court must look at the Superseding Indictment to determine "what crime, with what elements" Defendant pleaded guilty to. <u>See</u> <u>Gray v.</u>

United States, 980 F.3d 264, 266 (2d. Cir. 2020) (quoting Mathis
v. United States, 579 U.S. 500, 505-06 (2016)) (noting that if the
statute of an offense is divisible, courts may look at documents
from the record to determine the specific crime and elements
charged); see also Pastore, 83 F.4th at 118-19 (noting that a
statute is divisible when one or more of its elements are set out
in the alternative).

Counts 75 through 78, 80, and 82 reference underlying charges
alleging that Defendant "intentionally[] and knowingly" murdered
and aided and abetted the murder of several of the Preacher Crew's
victims.  (See dkt. no. 746-1 ¶¶ 22-26, 30, 32.)  This Court held
in Jackson v. United States that the underlying offense for these
counts—intentional murder in the second degree, governed by N.Y.
Penal Law § 125.25(1)—is categorically a crime of violence that
serves as a valid predicate for a § 924(c) conviction under the
elements clause.  2022 WL 976358, at *8-9 (S.D.N.Y. Mar. 31, 2022);
see also Stone, 37 F.4th at 833 ("[S]econd-degree murder [under
N.Y. Penal Law § 125.25(1)] is categorically a crime of violence
under § 924(c).").  Count 79 references an underlying charge
alleging that Defendant "intentionally[] and knowingly attempted
to murder" and aided and abetted the attempted murder of John
Porter.  (See dkt. no. 746-1 ¶¶ 29, 146.)  The Court of Appeals
had made clear that "there can be no doubt that attempt to commit
second-degree murder under New York law is itself categorically a

crime of violence." Pastore, 83 F.4th at 120. Accordingly, New York State Penal Law categorically defines murder and attempted murder as "crimes of violence" under § 924(c)'s elements clause.

Defendant argues that intentional murder and attempted murder are not categorically "crimes of violence" because, under New York's penal statute, they can be committed recklessly, through omission or inaction, and without the use of force. (Def. Br. at 11-16.) The Government responds that under Second Circuit case law, attempted murder, and thus murder, is a "crime of violence" under § 924(c)'s elements clause. (Gov't Opp. at 14-17.)

This Court is not persuaded by Defendant's argument. In United States v. Scott, the Court of Appeals held that first-degree manslaughter under New York penal law is categorically a violent felony even if it can be committed by omission. See 990 F.3d 94, 125 (2d Cir. 2021) (en banc). Similarly, in Stone, the Court of Appeals held that the defendant's conviction for second-degree murder is categorically a crime of violence—even though, under New York penal law, it may be committed by omission—because it nonetheless necessarily involves the use of force. See Stone, 37 F.4th at 832-33. Thus, it follows that intentional murder under New York law categorically is a "crime of violence" under § 924(c)'s elements clause.

Regarding attempted murder, the argument that it is not a valid "crime of violence" has been specifically considered and

rejected by the Court of Appeals.  Recently, the Court of Appeals held that "a conviction for attempted murder categorically means that the defendant took a substantial step toward the use of physical force" and "cannot be committed through the mere threat of force[.]"  Pastore, 83 F.4th at 121 (internal quotations omitted); see also United States v. Sierra, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order) (it is "self-evident that under New York law attempted murder is a crime unmistakably involving an attempted use of physical force") (quotations omitted).  No different conclusion is warranted by the possibility of attempted murder being committed by omission or recklessness, a position Defendant urges this Court to adopt, (see Def. Br. at 13-16), as the Court of Appeals has expressly held that a defendant can use force "as much by omission as by commission."  Scott, 990 F.3d at 100-01 (holding a first-degree manslaughter offense constitutes a crime of violence even by omission and noting that "[s]ix of our sister circuits agree that crimes intentionally causing physical injury are categorically violent even if committed by omission").

Moreover, the Court of Appeals has explicitly said that "[t]here is no question that intentionally causing the death of another person involves the use of force."  Pastore, 83 F.4th at 120 (citing United States v. Castleman, 572 U.S. 157, 169 (2014)).  Accordingly, Defendant's § 924(c) convictions are predicated on offenses that are categorically crimes of violence

under the elements clause.  Because his predicate offenses are crimes of violence, his § 2255 motion fails on the merits.

## IV.  Conclusion

For the reasons set out above, Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, (see dkt. no. 681), is DENIED.  As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to close docket entry numbers 681 and 741.

SO ORDERED.

Dated:    New York, New York
          November 20, 2024

_____
LORETTA A. PRESKA
Senior United States District Judge